

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Raymond L. Dillard
Chairman, Texas State Parks Board
Austin, Texas

Dear Sir:     Attention:  Mr. E. B. Camiade

             Opinion No. 0-7120
    Re:  Extension of Lien by State
         Parks Board on Palo Duro
         Canyon State Park

We have your letter which reads, in part, as follows:

"The Texas State Parks Board is highly desirous of retaining these lands in its park system, and has in brief made the following proposition to Commerce Trust Company:

"That the original indebtedness (the notes secured by the two Deeds of Trust and the vendor's lien note) be revised and extended in the principal sum of $300,000, bearing interest at the rate of 3% per annum to mature in not over 30 years.

"We respectfully request an opinion from you as to whether or not the Texas State Parks Board has the authority to enter into such an extension contract.

"In connection with this, may we call your attention to Article No. 6070b under the authority of which, we presume, the original indebtedness was incurred and under the authority of which said original indebtedness would be revised and extended.

"If it is found that the Texas State Parks Board has the authority to enter into the contract revising and extending the original indebtedness,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION ...

then can the Texas State Parks Board subject to the
indebtedness as revised and extended, the 120 acres
released from the original indebtedness?  The sum of
$1,200.00 was paid to the first lien holders to ob-
tain the release, and this was a donation by the
Commerce Trust Company and Fred A. Emery."

In answer to your first question, it is the opinion of
this office that the State Parks Board has the authority to accept
a reduction in principal and interest and an extension of due date
of indebtedness and lien as it now exists upon said land and the
revenues therefrom.

The land herein was purchased under authority of Senate
Bill 532 (Art. 6070b, V.A.C.S.).  Sections 3 and 4 provide:

"Sec. 3.  Projects financed in accordance with
this law are hereby declared to be self-liquidating in
character supported by charges other than by taxation.

"Sec. 4.  Nothing herein shall be construed as
creating a debt or binding the State of Texas in any
way except as to the pledge of the revenues as herein-
before set forth."

It is our opinion that so long as the lien or indebtedness
is not increased in either quality or amount, an extension would be
authorized under Art. 6070b, authorizing purchase of the land in
question.

The title to the land in question has passed to and now
rests in the State Parks Board, subject to be divested upon fore-
closure of existing lien.  The provision in Art. 6070b, limiting
purchase to two years from date of bill, would not prevent ex-
tension of lien due date and reducing of principal and interest by
lien holders.  The Texas State Parks Board would be the proper
party to enter into such agreement as the party primarily liable
to pay said indebtedness out of the rents, revenues and income re-
ceived from the land in question.

As to whether or not the 120 acres released from the

Hon. Raymond L. Dillard - Page 3

original indebtedness may be subjected to the lien to secure the presently existing indebtedness, our opinion is that the Texas State Parks Board may only pledge the rents, revenues and income from the 120 acres. The State Parks Board would not be authorized to pledge the land.

To support this opinion, Article 6070b, Sec. 2, reads as follows:

"In payment for such sites and of the improvement, beautification and equipment of such parks and/or other improvements, or for the purpose of borrowing money from the Reconstruction Finance Corporation, or any other U. S. Federal Agency, or from any other person, firm or corporation, the Texas State Parks Board is further authorized and empowered to issue its evidences of indebtedness for such sum or sums of money and upon such conditions as may to said Board be deemed advisable, bearing interest at a rate not to exceed six (6%) per cent per annum, and as security for the payment thereof, said Board may pledge its rents, revenues and incomes from such improvements and/or any fees, rents or revenues from any source other than appropriations made by the State Legislature, and in furtherance thereof may have full authority to make concession contracts of any kind or character which in the judgment of said Board might be desirable."

1946

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Fancher Archer
                 Assistant

FA:bt

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN